IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

CHERYL LANKSTON,

        Plaintiff,

v.                                      CIVIL ACTION NO.   2:12-cv-00755

ETHICON, INC., et al.,

        Defendants.

MEMORANDUM OPINION AND ORDER
(Order re: Plaintiff's Motion for Reconsideration)

Pending before the court is Plaintiff's Motion for Reconsideration on Partial Summary Judgment, in the Alternative, Motion to Certify Question to the Texas Supreme Court [ECF No. 142] ("Motion") filed by the plaintiff, Cheryl Lankston. The defendants Ethicon, Inc. and Johnson & Johnson (collectively "Ethicon") filed a Response [ECF No. 143], and Ms. Lankston filed a Reply [ECF No. 144]. For the reasons provided below, the plaintiff's Motion for Reconsideration is **DENIED**, and the plaintiff's alternative Motion to Certify Question is **DENIED**.

I.    Background

This case resides in one of seven MDLs assigned to me by the Judicial Panel on Multidistrict Litigation concerning the use of transvaginal surgical mesh to treat pelvic organ prolapse ("POP") and stress urinary incontinence ("SUI"). In the seven MDLs, there are more than 58,000 cases currently pending, approximately 28,000 of

which are in the Ethicon MDL, MDL 2327.

On October 4, 2016, I entered a Memorandum Opinion & Order [ECF No. 141] granting in part and denying in part Ethicon's Motion for Summary Judgment [ECF No. 93]. I found that, "[i]f a physician, as the learned intermediary, does not testify that he or she would not have used or prescribed the product, the causal chain is broken, the plaintiff cannot show causation, and the failure to warn claim fails." *Centocor, Inc. v. Hamilton*, 372 S.W.3d 140, 170 (Tex. 2012) ("[W]hen the prescribing physician is aware of the product's risks and decides to use it anyway, any inadequacy of the product's warning, as a matter of law, is not the producing cause of the patient's injuries."). Mem. Op. & Order 9. I further determined that Ms. Lankston was unable to prove that her treating physician, Dr. Ely, would have refrained from prescribing the TVT-S had he received adequate warnings. *Id.* at 10. I held that this same reasoning applied to Ms. Lankston's negligent misrepresentation claim, and Ms. Lankston, therefore, did not meet her burden of demonstrating that the inadequate warning was the producing cause of her injuries. Thus, Ethicon's Motion for Summary Judgment was granted with respect to Ms. Lankston's strict liability failure to warn and negligent misrepresentation claims. Mem. Op. & Order 11.

II. **Legal Standard**

"An interlocutory order is subject to reconsideration at any time prior to the entry of a final judgment." *Fayetteville Inv'rs v. Com. Builders, Inc.*, 936 F.2d 1462, 1469 (4th Cir. 1991). Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure,

"any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment." Fed. R. Civ. P. 54(b). Any party may move for reconsideration of an interlocutory order "at any time prior to the entry of a final judgment," and the court may review its own interlocutory orders sua sponte. *Fayetteville*, 936 F.2d at 1472; *see also Cap. Sprinkler Inspection, Inc. v. Guest Servs., Inc.*, 630 F.3d 217, 227 (D.C. Cir. 2011) (observing that Rule 54(b) recognizes the district court's inherent power to reconsider an interlocutory order as justice requires). Moreover, "[m]otions for reconsideration of interlocutory orders are not subject to the strict standards applicable to motions for reconsideration of a final judgment." *Am. Canoe Ass'n, Inc. v. Murphy Farms, Inc.*, 326 F.3d 505, 514 (4th Cir. 2003). Instead, reconsideration of an interlocutory order is "committed to the discretion of the district court." *Id.* at 515.

III. **Discussion**

Ms. Lankston argues that I have misinterpreted Texas law regarding the learned intermediary doctrine. Specifically, Ms. Lankston asserts there is no requirement for plaintiffs to show that a proper warning would have changed the mind of the physician—the "*Ackerman* [sic] rule"[1] as called by Ms. Lankston—and the learned intermediary doctrine is not an affirmative defense. Ms. Lankston

---

[1] This is in reference to *Ackermann v. Wyeth Pharm.*, 526 F.3d 203, 208 (5th Cir. 2008). Because both parties referred to this concept as the *Ackermann* rule, I have adopted their shorthand herein for convenience.

3

proposes that even if the "*Ackermann* rule" applies, her failure to warn claims should be decided by a jury. In the alternative, Ms. Lankston argues that this question should be certified to the Supreme Court of Texas to interpret the law. Ethicon argues the court should not reconsider its ruling because Ms. Lankston cannot establish the essential causation element as a matter of law, and Ethicon also contends this question cannot be certified to the Supreme Court of Texas.

1. Motion to Reconsider Order on Failure to Warn Claims

    a. Failure to Warn Under the Learned Intermediary Doctrine

Ms. Lankston urges me to reconsider my understanding of *Centocor*,[2] the "most up-to-date learned intermediary framework for product liability cases." Pl.'s Mot. Recons. 2. After a thorough review of the relevant case law and Ms. Lankston's arguments, I am not persuaded to reconsider my previous ruling.

Texas follows the learned intermediary doctrine. *Centocor,* 372 S.W.3d at 158–59 (holding "the doctrine generally applies within the context of a physician-patient relationship"); *see also Bean v. Baxter Healthcare Corp.*, 965 S.W.2d 656, 663 (Tex. App. 1998) (applying the learned intermediary doctrine to an implantable medical device case); Mem. Op. & Order. 8. "In order to recover for a failure to warn under the learned intermediary doctrine, a plaintiff must show: (1) the warning was defective; and (2) the failure to warn was a producing cause of the plaintiff's condition or injury." *Porterfield v. Ethicon, Inc.*, 183 F.3d 464, 468 (5th Cir. 1999) (applying Texas law);

---

[2] *Centocor v. Hamilton*, 372 S.W.3d 140 (Tex. 2012).

4

Mem. Op. & Order. 8–9. However, if "the physician was aware of the possible risks involved in the use of the product but decided to use it anyway, the adequacy of the warning is not a producing cause of the injury and the plaintiff's recovery must be denied." *Centocor*, 372 S.W.3d at 173 (quoting *Porterfield*, 183 F.3d at 468) (internal quotations omitted).

Thus, even assuming that Ms. Lankston presented sufficient evidence to show that Ethicon's warning to Dr. Ely was inadequate, she still was required to prove the inadequate warning was the producing cause of her injuries. *See Centocor*, 372 S.W.3d at 170. To prove causation, "the plaintiff must show that a proper warning would have changed the decision of the treating physician, i.e., that but for the inadequate warning, the treating physician would have not used or prescribed the product." *Ackermann v. Wyeth Pharm.*, 526 F.3d 203, 208 (5th Cir. 2008) (quoting *Dyer v. Danek Med., Inc.*, 115 F. Supp. 2d 732, 741 (N.D. Tex. 2000)). Ms. Lankston argues that the court in *Centocor* did not adopt the holding of *Ackermann*, which elucidated the "changed physician's mind" requirement, and "[i]f the [Supreme Court of Texas] were fishing for this interpretation of *Ackerman* [sic], *Centocor* would have at least discussed it." Pl.'s Mot. Recons. 5.

Yet, the court in *Centocor* did discuss the causation requirement and the "*Ackermann* rule" at length in its opinion. *See id.* at 169–73. One entire section of the opinion was devoted to a discussion of this requirement and how it applied to the

5

plaintiffs in *Centocor*. *Id*. The court explicitly declared the following:

> Generally, the adequacy of a warning is a question of fact to be determined by a jury. But when the prescribing physician is aware of the product's risks and decides to use it anyway, any inadequacy of the product's warning, as a matter of law, is not the producing cause of the patient's injuries. Where the physicians were unequivocal that new information about the risks would not have changed their decision to prescribe the medication, an inadequate warning was not the proximate cause of plaintiff's injury, and where a physician testifies that he was aware of the risks of which plaintiff complains, it is then the plaintiff's burden to prove that a different warning would have changed the physician's decision to prescribe the medications. *Ackermann*, 526 F.3d at 209.

*Centocor*, 372 S.W.3d at 170 (internal quotations omitted) (citations omitted).

Much like the Hamiltons, the plaintiffs in *Centocor*, Ms. Lankston has failed to present evidence that her physician would have acted differently had Ethicon provided a different warning. *See id.* at 170. The *Centocor* court made much out of the fact that the Hamiltons failed to show that the "warning's alleged inadequacies . . . would have changed [Ms. Hamilton's] physicians' decision" to prescribe the medication. *See id.* at 172. The court also held that the fact that the prescribing doctor would have considered alternate information "does not prove that the presence of such information would have changed his decision to prescribe . . . ." *Id. Centocor* unmistakably illustrates that if plaintiffs fail to present evidence that a different warning would have changed the physicians' mind, then they failed to meet their burden of proof regarding causation.

For the reasons detailed previously in my Memorandum Opinion and Order,

6

Ms. Lankston has failed to provide any evidence that Dr. Ely would have prescribed a different treatment plan had he received a different warning from Ethicon. Mem. Op. & Order. 9–10.

### b. The Learned Intermediary Doctrine is Not an Affirmative Defense

Ms. Lankston's contention that the learned intermediary doctrine is not an affirmative defense is indeed supported by *Centocor* and Texas law. *See Centocor,* 372 S.W.3d at 164– 66. This argument, however, does not help revive her failure to warn claims.

Ms. Lankston borrows a quote from *Centocor*, taken from the *Ackermann* case, to suggest that the purpose of the learned intermediary doctrine is only to delineate to whom a manufacturer has a duty to warn, "[it] is not used to show the plaintiff has no valid case." *Id.* at 165 (citing *Ackermann,* 526 F.3d at 207–8). A close read of the cited passage in *Ackermann* reveals the court was specifying that a manufacturer would not be able to raise the learned intermediary doctrine as a means of avoiding liability when it had both inadequately warned an intermediary and been the proximate cause of the ultimate user's injuries. *Ackermann,* 526 F.3d at 207–8.

Furthermore, the Supreme Court of Texas likened the doctrine to a common-law rule, rather than an affirmative defense. *Centocor,* 372 S.W.3d at 164. The court in *Centocor* articulated this point in order to hold that defendants did not have "the burden to plead, prove, and request jury findings on the learned intermediary doctrine at trial." *Id.* The court found that "[w]hile the learned intermediary doctrine

7

shifts the manufacturer's duty to warn the end user to the intermediary, it does not shift the plaintiff's basic burden of proof." *Id.* 166. Plaintiffs in any product warning case must show that the warning was inadequate. *Id.* Ms. Lankston has failed to satisfy this element of her claim, and thus there is no genuine dispute of material fact and Ethicon should be granted summary judgment as a matter of law.

Accordingly, I **FIND** that I need not reconsider my previous ruling on the issue.

### 2. Motion to Certify Question to the Supreme Court of Texas

Ms. Lankston's Motion regarding certifying the question to the Supreme Court of Texas must also be denied. There does not appear to be any available mechanism for this court to provide this relief.

Ms. Lankston's questioning of the "*Ackermann* rule," the current issue before this court, does not meet the Supreme Court of Texas' requirements for certification for two reasons. First, according the Texas State Constitution and the Texas Rules of Appellate Procedure, the Supreme Court has jurisdiction to answer questions regarding its law certified from federal *appellate* courts. Vernon's Ann. Texas Const. Art. 5 § 3-c(a); Tex. R. App. Proc. R. 58.1. The Southern District of West Virginia is not an appellate court. Secondly, the Supreme Court of Texas "may answer questions of law certified to it by any federal appellate court if the certifying court is presented with determinative questions of Texas law having *no controlling Supreme Court precedent.*" Tex. R. App. Proc. R. 58.1 (emphasis added). The "*Ackermann* rule" at issue in this case does not meet this requirement because *Centocor* is controlling

8

Supreme Court of Texas precedent that this court must follow.

To the extent Ms. Lankston is asking for certification to have *Centocor* reconsidered, this relief is not possible either. The Texas Supreme Court's certification rules "make plain" that it will not accept a certified issue "unless it presented a question of Texas law having no controlling Supreme Court precedent." *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Am. Eurocopter Corp.*, 692 F.3d 405, 409 (5th Cir. 2012) (applying Texas law) (internal quotations omitted).

Thus, Ms. Lankston's Motion to certify the question to the Supreme Court of Texas is **DENIED**.

## IV. Conclusion

"The ultimate responsibility of the federal courts, at all levels, is to reach the correct judgment under law." *Am. Canoe Ass'n, Inc.*, 326 F.3d at 515. In Texas, a failure to warn claim fails as a matter of law unless the plaintiff proves causation—that with a different warning, a physician would have refrained from prescribing the product at issue. To the extent Ms. Lankston requests reconsideration of part of the court's October 4, 2016, Memorandum Opinion & Order [ECF No. 141], her Motion [ECF No. 144] is **DENIED**. To the extent she requests the court to certify a question to the Supreme Court of Texas, the Motion [ECF No. 144] is **DENIED**.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: January 6, 2017

9

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE